UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 08-10446-RGS

PLUMBERS' UNION LOCAL NO. 12 PENSION FUND,
Individually and on behalf of all others similarly situated

v.

NOMURA ASSET ACCEPTANCE CORPORATION, et al.

MEMORANDUM AND ORDER
ON PLAINTIFFS' PROPOSED DISCOVERY

June 13, 2011

STEARNS, D.J.

On January 20, 2011, the First Circuit "*affirm[ed]* the dismissal of all claims based upon purchases of the AR1, AR2, AF2, AR3, AR4 and WF1 trusts and all defendants including those six trusts implicated only as to their certificates. As to claims against AF1 and AP1 trusts and other remaining defendants, [the First Circuit affirmed] the dismissal of all claims save those relating to the statements regarding the lending banks' underwriting practices but *vacate[d]* the dismissal of the latter claims and remand[ed] for further proceedings consistent with [its] decision." *Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp.*, 632 F.3d 762, 776-777 (1st Cir. 2011). Although at its conclusion, the Court's opinion referred to "banks" in the plural in describing the arguably suspicious underwriting practices at

play in the mortgage banking industry, it is clear from the body of the opinion that with respect to the Trusts at issue (AF1 and AP1), the Court had focused on the now-defunct First National Bank of Nevada (FNBN). "While this case presents a judgment call, the sharp drop in the credit ratings after the sales and the *specific* allegations as to FNBN offer enough basis to warrant some initial discovery aimed at these precise allegations. The district court is free to limit discovery stringently and to revisit the adequacy of the allegations thereafter and even before possible motions for summary judgment." *Id*. at 773-774. As this court made clear at the May 17, 2011 hearing, when it invited plaintiffs to submit a "shopping list of exactly what you would propose to do," FNBN was the first and last item on any wish list that the court would likely approve.

The list is now in hand, as is the defendants' response, and plaintiffs' reply memorandum. As the court anticipated, the list is thorough, detailed, and over-inclusive. The level of detail makes it impractical for the court, at this point, to rule individually on what defendants, not improbably, calculate as an opening round of 104 proposed document requests to be served on eleven different parties. As a practical matter, the court will rule on each of the general categories of the proposed discovery and the mechanisms that will govern its production, and then address specific disputes as they arise.

A. "Global Matters"

1. Relevant Discovery Period

The court defines the relevant time period for discovery requests as extending from May 1, 2005, to the date of the filing of the Complaint (January 31, 2008).

2. Number of Depositions

Plaintiffs will be permitted to notice up to ten of the proposed depositions. If there are objections by any scheduled deponent, the court will address these on a case by case basis.

3. Jurisdiction over Non-party Subpoenas

The court will, and hereby does, take jurisdiction over all non-party subpoenas wherever served.

4. Resolution of Discovery Disputes

Plaintiffs' proposed mechanisms for the expedited resolution of discovery disputes is unrealistic given the court's other case commitments and the depth – even after the court's narrowing of its breath – of the discovery sought by plaintiffs. The usual rules addressing discovery disputes will be followed.

5. Responses to Plaintiffs' Initial Interrogatories

Again, the ususal rules will be followed, although any undue delay in the pace of production attributable to defendants will result in an extension of the 120-day authorized discovery period.

6. Additional Discovery Requests by Plaintiffs

These will be ruled on as they arise.

B. Discovery Requests of Defendants

Plaintiffs may seek discovery of defendants intended to identify persons knowledgeable about the origination of, and the and underwriting of, the FNBN loans, any "substantive documents or information" related to these loans, and any due diligence commissioned by defendants on FNBN-originated loans backing the Certificates in question. The court also considers the prices paid by Nomura or the Sponsor for the FNBN-originated loans and the process by which defendants decided which loans to acquire to be fair topics of discovery.

C. Discovery Directed to Non-parties

1. FNBN: Plaintiffs may seek discovery from the FDIC and/or Mutual of Omaha Bank regarding FNBN's general underwriting practices within the relevant discovery period. Plaintiffs are not required (as defendants request) to make a predicate factual showing that these entities have relevant FNBN documents in their possession.

2. Due Diligence Firms: Plaintiffs may seek discovery regarding the due diligence (if any) performed with respect to FNBN-originated loans backing the Certificates at issue, but only after those loans are identified.

3. Trust-related Entities: Plaintiffs may seek discovery from these entities with

respect to the origination, underwriting, and pooling by FNBN of loans backing the Certificates at issue and the performance of these specific loans prior to the filing of the Complaint.

D. Mortgage Electronic Reservation Systems, Inc. (MERS)

The court sees no reason to authorize the taking of discovery from MERS by plaintiffs at this time.

E. Defendants Proposed Discovery

The court sees no reason for the taking of discovery from plaintiffs by defendants at this time. The process being undertaken is in the nature of a show cause proceeding in which the burden is on plaintiffs to demonstrate that there is a sufficiently plausible basis for permitting the litigation to continue at all. Defendants' first stated reason for taking discovery appears to be directed at whether plaintiffs' allegations regarding FNBN were made in good faith. That subject can be addressed, if need be, in the context of the plaintiffs' showing at the close of the abbreviated discovery period. Defendants' second stated reason relates to a merits-based defense (actual knowledge) which is more appropriately addressed in an adversarial litigation context, should that ultimately be authorized.

ORDER

Discovery will proceed within the framework established by this Order. The

120-day discovery period is deemed to begin on the day following the filing of this Order.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE