UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 08-10446-RGS

PLUMBERS' UNION LOCAL NO. 12 PENSION FUND,
Individually and On Behalf of All Others Similarly Situated

v.

NOMURA ASSET ACCEPTANCE CORP., et al.

MEMORANDUM AND ORDER ON DEFENDANTS' MOTION
FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b) FOR
AN INTERLOCUTORY APPEAL

October 30, 2012

STEARNS, D.J.

Defendants move pursuant to 28 U.S.C. § 1292(b) for certification of an interlocutory appeal of this court's October 1, 2012 Memorandum and Order denying Defendants' Renewed Motion to Dismiss. Defendants specifically seek review of the court's determination that under the circumstances of this case, and consistent with the rule announced in *American Pipe Construction Co. v. Utah*, 414 U.S. 538 (1974), the filing of a putative class action by plaintiff Plumbers' Union Local No. 12 Pension Fund (Plumbers' Fund), which lacks standing to sue on the 2006-AP 1 offering, had the effect of tolling the statute of limitations for the 2006-AP I claims of plaintiffs Plumbers & Pipefitters' Welfare Educational Fund (Pipefitters) and

NECA-IBEW Health & Welfare Fund (NECA).  The motion will be <u>GRANTED</u>.

DISCUSSION

In deciding whether to grant a motion for leave to file an interlocutory appeal, the court must consider "whether (1) 'the order involves a controlling question of law' (2) 'as to which there is substantial ground for difference of opinion,' and (3) whether 'an immediate appeal from the order may materially advance the ultimate termination of the litigation.'"  *In re Bank of New England*, 218 B.R. 643, 652 (B.A.P. 1st Cir. 1998), quoting 28 U.S.C. § 1292(b).  While interlocutory appeals are granted "sparingly and only in exceptional circumstances," this court is of the opinion that this is one of those "rare cases [that] qualif[ies] for the statutory anodyne."  *In re San Juan DuPont Plaza Hotel Fire Litig.*, 859 F.2d 1007, 1010 n. 1 (1st Cir. 1988) (internal quotation marks and citation omitted).

As set forth in the court's previous Memorandum and Order,

> [W]hether the [*American Pipe* tolling] rule applies to claims for which the Plumbers' Fund lacked standing – namely, the 2006-AP 1 Certificate, which Plumbers' Fund did not buy – is a subject of much debate.  Neither the Supreme Court nor the First Circuit has addressed this issue, and the courts that have done so are divided.  As one court summarized the divide, "[courts] that have applied the *American Pipe* tolling rule in these or similar circumstances have stressed the policies animating that decision.  Those declining to do so have emphasized the tolling rule's potential for abuse."  *In re Indymac Mortg.-Backed Sec. Litig.*, 793 F. Supp. 2d 637, 646 (S.D.N.Y. 2011) (footnotes omitted) (collecting cases); *see also In re Direxion Shares EFT Trust*, 279 F.R.D. 221, 237 n.9 [(S.D.N.Y. 2012)] (acknowledging split); *In re Morgan Stanley Mortg. Pass-Through Certificates Litig.*, 810 F. Supp. 2d 650,

668–669 (S.D.N.Y. 2011) (same). Where and how to strike the balance between these polar positions is a matter of policy that the First Circuit and, ultimately, the Supreme Court, must decide.

*Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp*, 2012 WL 4480735 (D. Mass. Oct. 1, 2012) (footnote omitted).

Given the controlling nature of this important and unsettled question of law, the court concludes that this litigation would "benefit from [its] prompt resolution" by the Court of Appeals. *Camacho v. Puerto Rico Ports Auth.*, 369 F.3d 570, 573 (1st Cir. 2004).

## ORDER

For the foregoing reasons, defendants' motion for certification of an interlocutory appeal is GRANTED. Further proceedings before this court are STAYED pending the Court of Appeals' disposition of the proposed appeal.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE