UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 08-10446-RGS

PLUMBERS' UNION LOCAL NO. 12 PENSION FUND,
Individually and On Behalf of All Others Similarly Situated

v.

NOMURA ASSET ACCEPTANCE CORP., et al.

MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION FOR
RECONSIDERATION OF THE COURT'S OCTOBER 30, 2012 ORDER
GRANTING CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b)
FOR AN INTERLOCUTORY APPEAL

November 29, 2012

STEARNS, D.J.

Plaintiffs move for reconsideration of the court's October 30, 2012 Order granting defendants' Motion for Certification Pursuant to 28 U.S.C. § 1292(b) for an interlocutory appeal of its October 1, 2012 Memorandum and Order denying defendants' Renewed Motion to Dismiss. The motion will be DENIED.

The court has twice articulated its view that the applicability *vel non* of the *American Pipe* tolling rule presents a controlling question of law about which there is substantial ground for difference of opinion and is unpersuaded by plaintiffs' arguments to revise this conclusion. Plaintiffs' case for reconsideration relies primarily on the contention that the question is not controlling because "First

National Bank of Nevada ([]FNBN[]) originated loans in both of the trusts at issue herein, thereby creating a common set of 'concerns' which conferred standing on Plumbers' Union Local No. 12 to sue on both trusts." Pls.' Mot. at 2. This argument, nowhere found in plaintiffs' briefing in opposition to defendants' Renewed Motion to Dismiss, is flatly contradicted by the First Circuit's previous ruling on standing in this case. *See Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp.*, 632 F.3d 762, 770-771 (1st Cir. 2011) (recognizing the possibility of an exception to the requirement that named plaintiffs must themselves possess claims against each defendant but concluding that "[i]n our case . . . the necessary identity of issues and alignment of incentives is not present"). As defendants point out, "[p]laintiffs have alleged that FNBN was a 'key originator' of loans that backed offerings of 2006-AP1, 2006-AF1, and 2006-AR[4] Certificates." Defs.' Opp. at 9, quoting Compl. ¶ 83; *see also* Compl. ¶¶ 69. Thus, "[i]f [p]laintiffs' reading of the First Circuit's decision were correct, then their claims on all three offerings should still be in the case . . . ." Defs.' Opp. at 9.

The court is similarly unconvinced by plaintiffs' argument that the proposed appeal will not materially advance the ultimate termination of the litigation. Resolution of the certified question will conserve court, party, and nonparty time and resources by clarifying the proper scope of the action. The court further declines to undermine these intended benefits by lifting the stay imposed by its October 30, 2012

Order.

## ORDER

For the foregoing reasons, plaintiffs' Motion for Reconsideration is <u>DENIED</u>. Further proceedings before this court will remain <u>STAYED</u> pending the Court of Appeals' disposition of the proposed appeal.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE