UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PLUMBERS' UNION LOCAL NO. 12 PENSION FUND, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | No. 08-cv-10446 |
| | ) | <u>CLASS ACTION</u> |
| Plaintiff, | ) ) ) | ▓▓▓▓▓▓▓ ORDER PRELIMINARILY APPROVING SETTLEMENT AND |
| vs. | ) ) | PROVIDING FOR NOTICE |
| NOMURA ASSET ACCEPTANCE CORPORATION, et al., | ) ) ) ) | |
| Defendants. | ) ) ) | |

855068_3

WHEREAS, a putative class action is pending before the Court entitled *Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corporation, et al.*, Civ. No. 08-10446-RGS (the "Litigation");

WHEREAS, the Court has received the Stipulation and Agreement of Settlement, dated as of July 29, 2013 (the "Stipulation"), that has been entered into by Lead Plaintiffs and Defendants, and the Court has reviewed the Stipulation and its attached Exhibits;

WHEREAS, Lead Plaintiffs having made an application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Litigation, in accordance with the Stipulation which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.  The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

2.  A hearing (the "Final Approval Hearing") shall be held before this Court on December 19, 2013, at 2:00 pm., [Courtroom 21] at the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210, to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Class and should be approved by the Court; whether a Final Approval Order or a Judgment as provided in ¶¶1.17 and 1.20 of the Stipulation should be entered herein; whether the proposed Plan of Allocation

- 1 -

should be approved; and to determine the amount of fees and expenses that should be awarded to Lead Counsel and the amount that each Lead Plaintiff should be reimbursed for its expenses including lost wages. The Court may adjourn the Final Approval Hearing without further notice to Class Members.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of effectuating this Settlement only, a Class of all Persons who purchased or otherwise acquired the Nomura Asset Acceptance Corporation, Alternative Loan Trust, Series 2006-AP1 Mortgage Pass-Through Certificates and/or the Nomura Asset Acceptance Corporation, Alternative Loan Trust, Series 2006-AF1 Mortgage Pass-Through Certificates during the Relevant Time Period. Excluded from the Class are: the Defendants, First National Bank of Nevada, Metrocities Mortgage, LLC and their respective successors and assigns; past and current officers and directors of the Nomura Defendants; members of the immediate families of the Individual Defendants; the legal representatives, heirs, successors or assigns of the Individual Defendants; any entity in which any of the above excluded Persons have or had a majority ownership interest; and any Person who timely and validly seeks exclusion from the Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses ("Notice"). Also excluded from the Class are any Persons that have filed any other actions against any Defendant arising out of the purchase or acquisition of the Certificates.

4. With respect to the Class, this Court preliminarily finds, for purposes of effectuating this Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (i) the Members of the Class are so numerous that joinder of all Class Members in the Litigation is impracticable; (ii) there are questions of law and fact common to the Class which predominate over any individual questions; (iii) the

claims of the Lead Plaintiffs are typical of the claims of the Class; (iv) the Lead Plaintiffs and Lead Counsel will fairly and adequately represent and protect the interests of all of the Class Members; and (v) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. The Court approves, as to form and content, the Notice, the Proof of Claim and Release form (the "Proof of Claim") and the Summary Notice ("Summary Notice") annexed as Exhibits A-1, A-2 and A-3 hereto, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶6-8 of this Order meet the requirements of Federal Rule of Civil Procedure 23, the Private Securities Litigation Reform Act of 1995 and due process, and are the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court appoints Gilardi & Co. LLC ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) No later than fourteen (14) business days after entry of this Order (the "Notice Date"), Lead Counsel shall commence mailing of the Notice and Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, by first class mail to all Class Members who can be identified with reasonable effort;

(b) No later than fourteen (14) calendar days after the Notice Date, Lead Counsel shall cause the Summary Notice to be published once in *Investor's Business Daily* and transmitted over *Business Wire*;

(c) Lead Counsel shall cause the Stipulation, its Exhibits, the Notice, and the Proof of Claim to be posted on the Claims Administrator's website; and

(d) No later than thirty-eight (38) calendar days prior to the date set herein for the Final Approval Hearing, Lead Counsel shall cause to be served on Defendants' Counsel and filed with the Court proof, by affidavit or declaration, of such mailing, publishing and posting.

7. Defendants have already provided to Lead Plaintiffs, without any charge to Lead Plaintiffs or the Class, their lists of Persons who held or purchased the Certificates during the Relevant Time Period in electronic and searchable form (*i.e.*, an Excel file) and shall provide the address information in their possession for those Persons within seven (7) calendar days of execution of the Stipulation without charge.

8. Nominees who purchased or otherwise acquired the Nomura Asset Acceptance Corporation, Alternative Loan Trust, Series 2006-AP1 Mortgage Pass-Through Certificates and/or the Nomura Asset Acceptance Corporation, Alternative Loan Trust, Series 2006-AF1 Mortgage Pass-Through Certificates during the Relevant Time Period shall send the Notice and Proof of Claim to all beneficial owners of such Certificates within ten (10) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and the Proof of Claim to such beneficial owners. Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

9. All Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the Class.

855068_3

10. Class Members who wish to participate in the Settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked no later than one-hundred twenty (120) calendar days after the Notice Date. Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court or allowed by the Stipulation. However, in all other respects, any such Member of the Class shall be subject to and bound by all of the terms of the Settlement, including the terms of the Stipulation, the Judgment, and the releases provided for by the Stipulation and the Judgment, unless such Member of the Class has submitted a request to be excluded from the Class in the manner required by ¶11 of this Order.

11. Any Person who desires to request exclusion from the Class shall do so no later than twenty-one (21) calendar days prior to the Final Approval Hearing and in the manner described in the Notice. Upon receiving any request(s) for exclusion, the Claims Administrator shall promptly notify Lead Counsel and counsel for Defendants of such request(s) and provide them copies of such request(s) and documentation accompanying them by facsimile or email.

12. All Persons who submit valid and timely requests for exclusion in the manner set forth in the Notice shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Litigation.

13. Any Class Member may enter an appearance in the Litigation, at his, her or its own expense, individually or through counsel of his, her or its own choice. If he, she or it does not enter an appearance, he, she or it will be represented by Lead Counsel.

14. Any Class Member may appear and show cause, if he, she or it has any reason why the proposed Settlement of the Litigation should or should not be approved as fair, reasonable and adequate, why the Judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and expenses should or should not be awarded to Lead Counsel or why reimbursement of Lead Plaintiffs' expenses including lost wages should or should not be made; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation or the attorneys' fees and expenses to be awarded to Lead Counsel, or reimbursement of Lead Plaintiffs' expenses including lost wages, unless that Person has filed said objection, papers and briefs with the Clerk of the United States District Court for the District of Massachusetts no later than twenty-one (21) calendar days prior to the Final Approval Hearing, and delivered copies of any such papers to Robbins Geller Rudman & Dowd LLP, Arthur C. Leahy and Cody LeJeune, 655 W. Broadway, Suite 1900, San Diego, CA 92101; Goodwin Procter LLP, Stephen D. Poss, 53 State Street, Boston, MA 02109; and Wilmer Cutler Pickering Hale and Dorr LLP, William H. Paine, 60 State Street, Boston, MA 02109; such that they are received on or before the same date. Any Class Member who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, to the award of attorneys' fees and expenses to Lead Counsel, or to reimbursement of Lead Plaintiffs' expenses including lost wages, unless otherwise ordered by the Court.

15. All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

16. Lead Plaintiffs shall file and serve their papers in support of final approval of the Settlement, the Plan of Allocation, and the application for attorneys' fees or expenses on or before thirty-eight (38) calendar days prior to the date set herein for the Final Approval Hearing. If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Final Approval Hearing.

17. Neither the Defendants nor their Related Parties shall have any responsibility for, or liability with respect to, the Plan of Allocation, any application for attorneys' fees or expenses submitted by Lead Counsel, or any application for an award to Lead Plaintiffs for time and expenses, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

18. At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, any application for attorneys' fees or expenses, and any application for reimbursement of Lead Plaintiffs' expenses including lost wages, shall be approved.

19. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiffs nor Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Settlement Fund, as provided in the Stipulation.

20. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as, or deemed to be evidence of, an admission or

855068_3

concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of, an admission or concession that Lead Plaintiffs or any Class Members have suffered any damages, harm or loss.

21. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

22. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED.

DATED: 8-7-13.

*/s/ Richard G. Stearns*
THE HONORABLE RICHARD G. STEARNS
UNITED STATES DISTRICT JUDGE